```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DENISE HILL,
```

      Plaintiff,     MEMORANDUM & ORDER
                09-CV-4259 (JS)(ARL)

  -against-

SHARENE DOUGLAS, ROZ CAMERON,
CHASE BANK N.A. ET AL., and
HOME STAR FINANCIAL,

      Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:  Denise Hill, Pro Se
        9 Deer Street
        Wyandanch, NY 1179

For Defendants:  No Appearances

SEYBERT, District Judge:

    Pending before the Court is pro se Plaintiff Denise Hill's ("Hill") Complaint, accompanied by an application to proceed in forma pauperis. The Court GRANTS Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) for the limited purposes of this Complaint, but for the reasons discussed below, DISMISSES the Complaint pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

BACKGROUND

    Plaintiff claims that she is the "rightful owner for over 20 years" of property located at 9 Deer Street, Wyandanch, New York. Plaintiff alleges "it is heir property from my Mothers death, Della L. Gause." (Compl. ¶ III.) She further states that, while seeking help with her mortgage, she was introduced to "Roz

Cameron who used Sharene Douglas as a straw buyer who is trying to take my home away from me." (Compl. ¶ III.) Apparently, Cameron of Home Star Financial sold the loan to Chase Bank. Plaintiff seeks $1,000,000 for damages caused by fraud and theft, punitive damages for unlawful foreclosure, and among other things, a stay of the foreclosure pending trial. (Compl. ¶ IV.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Standard of Review of Pro Se Complaints

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

III. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded

pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike personal jurisdiction, lack of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the Court sua sponte. Id. If subject matter jurisdiction is lacking, the action must be dismissed. Id. at 700-01; see FED. R. CIV. P. 12(h)(3).

The basic statutory grants of subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Section 1331 provides federal-question jurisdiction and Section 1332 jurisdiction is based on diversity of citizenship. Id. A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of complete diverse citizenship and the amount in controversy exceeds $75,000. Id. This case lacks complete diversity as one of the defendants is alleged to reside in New York, the same state as Plaintiff. 28 U.S.C. § 1332.

"A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513. A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining

3

jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10.

Despite the lenient standards with which courts review pro se complaints, pro se plaintiffs must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction).

In this case, Plaintiff writes that "the jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1392," which establishes requirements for venue, not subject matter jurisdiction in this Court. 28 U.S.C. § 1392. To the extent Plaintiff premises her Complaint on foreclosure, this Court is without jurisdiction to grant Plaintiff the relief she seeks. See Harris v. Department of Housing Preservation and Development, No. 08-CV-1886, 2008 WL 3200269, at * 2 (E.D.N.Y. Aug. 5, 2008); Dockery v. Cullen & Dykman, 90 F. Supp. 2d 233, 236 (E.D.N.Y. Mar. 30, 2000) (noting that federal courts lack jurisdiction over claims of foreclosure fraud). Plaintiff also alleges a claim for "identity theft and fraud[,]" (Compl. ¶ 1), but fails to provide any supporting facts. Thus, even a liberal reading of the Complaint does not establish subject matter jurisdiction. Bronx Gate & Grille v. Deleon, No. 07-CV-4411, 2008 WL 5069533, at *5 (E.D.N.Y. Nov. 24, 2008) (conversion and fraud); Farley v. Williams, No. 02-CV-0667, 2005 WL 3579060, at *5 (E.D.N.Y. Dec. 30, 2005) (fraud and identity theft).

Moreover, Plaintiff cannot commence a pro se criminal case to prosecute identity theft as a private citizen cannot initiate a federal criminal action.

## CONCLUSION

In sum, this Court lacks the authority to entertain Plaintiff's claims. Accordingly, the Court dismisses Plaintiff's case with prejudice. Plaintiff may pursue any valid claims in state court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January   15  , 2010
         Central Islip, New York